BRETT L. TOLMAN, U.S. Attorney (#8821)
STEPHEN J. SORENSON, Assistant U.S. Attorney (#3049)
Attorneys for the United States of America
185 South State Street, #400
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682
Email: Stephen.Sorenson@usdoj.gov
Associated Local Counsel

Mary Jo O'Neill    Az #005924 (Pro Hac Vice)
Sally C.  Shanley AZ# 012251 (Pro Hac Vice)
Valerie L. Meyer CA #228586(Pro Hac Vice)
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5032
Email:   mary.oneill@eeoc.gov
             sally.shanley@eeoc.gov
             valerie.meyerl@eeoc.gov

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>             Plaintiff,<br>vs.<br><br>ALPINE SCHOOL DISTRICT, a political subdivision,<br><br>             Defendant. | COMPLAINT AND JURY DEMAND<br><br>Case No.:    2:07CV00718BSJ<br><br>Judge Bruce S. Jenkins |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Sara Mead and a class of individuals, age 40 or older, whom Defendant terminated and/or failed to hire, because

of their age.  The Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant, Alpine School District, ("Defendant") at its Geneva Elementary School, harassed, terminated and/or failed to hire Ms. Mead, who was then age 50, from her job as teacher because of her age.  The Commission also alleges Defendant harassed, terminated and/or failed to hire a class of employees who are at least 40 years of age because of their age.

## JURISDICTION AND VENUE

1.        Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Section 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§216(c) and 217.

2.        The employment practices alleged to be unlawful were and are now being committed in the Central Division of the District of Utah.

## PARTIES

3.        Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.        At all relevant times, Defendant has continuously been a political subdivision of the State of Utah, operating in the City of Orem, and has continuously had at least 20 employees.

5.        At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

CONCILIATION

6.   Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

STATEMENT OF CLAIMS

7.   Since at least January 2003, Defendant has engaged in unlawful employment practices at its Orem, Utah facility in violation of Section 623(a)(1) of the ADEA, 29 U.S.C. § 623 (a)(1). The unlawful employment practices include:

    a.   Failing to renew the teaching contract and/or terminating the employment of Sara Mead, because of her age and replacing her with a younger employee who was less or equally qualified;

    b.   Failing to hire and/or terminating a class of employees who were age 40 or older;

    c.   Harassing Ms. Mead and a class of employees who were age 40 or older. The harassment included, but is not limited to

        i.   Making comments demonstrating bias toward older workers;

        ii.   treating younger teachers in a more favorable and friendly manner;

        iii.   providing transfers to younger teachers when requested and denying transfers to older teachers; and

        iv.   selecting younger teachers for school sponsored in-service training and requiring older teachers to acquire similar required training at their own expense.

8.   The effect of the practices complained of in paragraph 7(a)-(c) above has been to deprive Ms. Mead and a class of employees who are 40 years of age or older, of equal employment opportunities and otherwise adversely affect their status as employees because of

their age.

9. The unlawful employment practices complained of in paragraph 7(a)-(c) above are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in the termination of employees who are 40 years old or older because of their age and from any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Ms. Mead and a class of individuals who are 40 years old or older who were adversely affected by the unlawful practices described above.

D. Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful - place reinstatement of Ms. Mead and a class of protected age group employees or, alternatively, front pay.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED this 25th day of September, 2007.

| | |
|---|---|
| Brett L. Tolman<br>United States Attorney | Ronald S. Cooper<br>General Counsel |
| /s/Stephen J. Sorenson<br>Stephen J. Sorenson<br>Assistant U.S. Attorney | James L. Lee<br>Deputy General Counsel |
| | Gwendolyn Young Reams<br>Associate General Counsel |
| UNITED STATES ATTORNEY<br>185 S. State #400<br>Salt Lake City, Utah 84111 | EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>1801 L Street, N.W. |
| Associated Local Counsel for Plaintiff | Washington, D.C. 20507 |
| | /s/ Mary Jo O'Neill<br>Mary Jo O'Neill<br>Regional Attorney |
| | /s/ Sally C. Shanley<br>Sally C. Shanley<br>Supervisory Trial Attorney |
| | /s/Valerie Meyer<br>Valerie Meyer<br>Trial Attorney |
| | EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>Phoenix District Office<br>3300 N. Central Ave., Suite 690<br>Phoenix, Arizona 85012 |
| | Attorneys for Plaintiff |