FILED COURT
U.S. D[...]

2009 JAN 26  P 2: 39

DIS[...]

BY:[...]

Mary Jo O'Neill   Az #005924 (Pro Hac Vice)
Sally C. Shanley AZ# 012251 (Pro Hac Vice)
Valerie L. Meyer CA # 228586 (Pro Hac Vice)
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5032
Email:  mary.oneill@eeoc.gov
          sally.shanley@eeoc.gov
          Valerie.meyer@eeoc.gov

Attorneys for Plaintiff

Akiko Kawamura (8568), Assistant Utah Attorney General
Mark L. Shurtleff (4666), Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah  84114-0856
Telephone:  (801) 366-0100

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>Alpine School District,<br><br>Defendant. | Case No.: 2:07-CV-00718-BSJ<br><br>CONSENT DECREE |

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against Alpine School District ("Alpine" or "Defendant") to enforce the Age Discrimination in Employment Act of 1967 ("ADEA") and the Civil Rights Act of 1991, 42 U.S.C. §1981a. In its Complaint, the Commission alleged that Defendant "harassed, terminated and/or failed to hire Sara Mead, who was then age 50, from her job as teacher at Geneva Elementary School because of her age." The Commission also alleged that

-1-

Defendant "harassed, terminated and/or failed to hire a class of employees who are at least 40 years of age because of their age." Defendant denies these allegations, and specifically denies any liability.

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law. In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree.

It is hereby ORDERED, ADJUDGED, and DECREED:

1. This Decree resolves all claims of the Commission against Defendant, including back pay, front pay, injunctive relief, and attorneys' fees and costs, arising out of the issues in this lawsuit. The class consists of Sara Mead and Patricia Dixon and no other class members will be added. In exchange for the promises of Alpine in this Consent Decree, the EEOC will not seek relief for age discrimination on behalf of the Class or any individual for any alleged age discrimination occurring prior to the date of this Consent Decree, unless that individual has filed or files a timely charge of age discrimination.

## INJUNCTION

2. Alpine, and its officers, agents, employees, successors, assigns and all persons in active concert or participation with it, both at the time that this Decree becomes effective and for the duration of this Decree, are enjoined from engaging in any employment practice which discriminates on the basis of age against individuals 40 years of age and older.

3. Alpine, and its officers, agents, employees, successors, assigns and all persons in active concert or participation with it, both at the time that this Decree becomes effective and for the duration of this Decree, are enjoined from retaliating against

any employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by the ADEA; (ii) files or filed a charge of discrimination, assists or has assisted, participates or has participated in the filing of a charge of discrimination; or (iii) assists, assisted, participates or participated in an investigation or proceeding brought under the Federal or State laws prohibiting discrimination or retaliation.

4. In accordance with the ADEA, Alpine, and its officers, agents, employees, successors, assigns and all persons in active concert or participation with it, both at the time that this Decree becomes effective and for the duration of this Decree, shall carry out policies, practices and programs which provide equal employment opportunities for individuals who are 40 years of age and older.

## MONETARY RELIEF

5. Judgment is entered in favor of the Commission and against Alpine in the amount of One-Hundred and Thirty-Five Thousand Dollars ($135,000.00). Alpine, or an entity on its behalf (hereinafter "Alpine"), shall pay the gross sum of One-Hundred and Thirty-Five Thousand Dollars ($135,000.00). Of this sum, Alpine shall pay Eighty-Five Thousand Dollars ($85,000.00) to Sara Ellena Mead and Fifty Thousand Dollars ($50,000.00) to Patricia Dixon in accordance with Paragraphs 6 and 7 of this Decree.

6. Alpine shall pay the settlement amount separately to each class member by check, cashier's check, or money order, in accordance with Paragraph Five of this Decree. These amounts represent payment of lost pension benefits, and Defendant shall make no deductions from these amounts. The Defendant will issue IRS 1099 forms for all payments no later than January 31, 2010.

7. The checks provided for in Paragraphs Five through Seven of this Decree shall be mailed directly by Alpine to each class member at the addresses supplied by the

-3-

Commission within ten business days of the entry of this Decree by the Court.
Within three business days of issuance of the checks, Alpine shall submit a copy
of each check and related correspondence to the Regional Attorney, Equal
Employment Opportunity Commission, 3300 N. Central Avenue, Suite 690,
Phoenix, Arizona 85012. Alpine shall also submit to the Regional Attorney a
copy of each recipient's canceled check within ten business days of the
cancellation of the check.

8.  Alpine shall not condition the receipt of this monetary relief on any Class
Member's agreement to (a) waive her statutory right to file a charge with any
federal or state anti-discrimination agency; or (b) waive her right to apply for a
position with Alpine; or (c) maintain confidentiality.

## OTHER RELIEF

9.  Alpine shall reinstate Sara Mead with full seniority rights as a career educator,
with all the accompanying benefits and privileges, at the beginning of the 2009
school year. As positions become available for the 2009 school year, but no later
than March 1, 2009, Alpine will offer at least five (5) teaching positions at
elementary schools within Alpine School District, at least one of which shall be a
fifth- or sixth-grade teaching position eligible for extended-day pay at Suncrest
Elementary School. As many positions as possible will be for extended day.
Such offers shall be communicated directly to Sara Mead via letter. Alpine shall
submit a copy of any such correspondence to Regional Attorney, Equal
Employment Opportunity Commission, 3300 N. Central Avenue, Suite 690,
Phoenix, Arizona 85012 within three business days of its mailing. Sara Mead
shall select one of those positions and accept Alpine's offer by May 1, 2009. Sara
Mead will be responsible for selecting the school that suits her travel needs and
her preference to work at a Title I school with an extended day option. Sara Mead

-4-

shall return to Alpine as a career educator, with all the rights and status accorded thereto, including evaluation as a career educator in accordance with Alpine School District Policy No. 4057, 1.5.1 and all of Alpine School District's policies and procedures.

10. Alpine shall expunge from the personnel files of each class member all references to the charges of discrimination filed against Defendant or their participation in this action, and documents which relate to complaints, or investigation of complaints of age discrimination.

11. Alpine shall provide Sara Mead and Patricia Dixon with the written apology attached as Exhibit A, signed and printed on Alpine letterhead.

12. Alpine shall provide Sara Mead and Patricia Dixon with a positive written employment reference and shall provide such references when requested by a prospective employer.

13. Alpine shall verbally counsel Janette Strong, in addition to the disciplinary action already imposed, to wit, Ms. Strong has been demoted and is no longer authorized to make decisions regarding termination or hiring.

## DEFENDANT'S CORRECTIVE POLICIES AND PRACTICES

14. Alpine shall institute and carry out policies and practices that help assure a work environment free from age discrimination against its employees and that allows employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived, or actual, made unlawful by the ADEA.  To assist Alpine in its efforts to assure a work environment free of age discrimination and retaliation, Alpine shall take the actions provided in Paragraphs Fifteen through Twenty-One of this Decree.

15. Alpine shall post for the duration of this Decree, in a prominent place frequented by its employees at its facilities, the notice attached as Exhibit B in both English

and Spanish. The Spanish translation will be prepared by Sol Garcia, Utah State Division of Risk Management, Charter School Specialist. The notice shall be the same type, style, and size as Exhibit B.

16. Alpine shall provide training on age discrimination and retaliation, according to the following terms:

    A. The Utah State Risk Management Fund shall provide training for a period of two (2) years from the date of this Decree. During each of the next two years, the lecturer shall conduct one live seminar training session each year. The training will be conducted by Brian Nelson, Liability Prevention Specialist, Risk Management and/or Melissa Frost, Loss Control Specialist, Risk Management. If Brian Nelson and/or Melissa Frost are not available, Alpine will obtain the EEOC's approval for a replacement.

    B. All regular benefited full-time and part-time Alpine employees shall be required to either attend the live seminar session or a videotaped showing of the live session in each of the two years of this Decree. Substitute employees are exempted from this requirement. Alpine may, at its election, have duplicative videotaped sessions to accommodate staffing needs. Alpine shall be responsible for any additional costs to provide such duplicative sessions.

    C. A registry of attendance at each seminar-training session, whether live or videotaped, shall be retained by Alpine for the duration of the Decree.

    D. During the first year, the seminar-training session shall be conducted within two (2) months of the beginning of the 2009 school year. For the second year, the seminar-training session shall be conducted between ten (10) and thirteen (13) months after the completion of the preceding session.

    E. The seminar-training sessions shall be no less than sixty (60) minutes, plus

thirty (30) minutes of questions and answers.

F. The seminars shall include the subject of what constitutes age discrimination, including harassment, and retaliation; that age discrimination and retaliation in the hiring, firing, compensation, assignment, or other terms, conditions, or privileges of employment, violates the ADEA; how to prevent age discrimination and retaliation; how to provide a work environment free from age discrimination and retaliation; and to whom and by what means employees may complain if they feel they have been subjected to age discrimination or retaliation in the workplace. The session shall also review and explain Alpine's policies set out in Paragraph Eighteen.

G. During the live training session, Defendant's Superintendent shall speak to the employees, either live or via videotaped remarks, about the discipline that can be taken against supervisors, managers, principals, and employees at Alpine who commit acts of age discrimination or retaliation or allow age discrimination or retaliation to occur in the workplace, the importance of maintaining an environment free of age discrimination and retaliation, and Alpine's policy in regard to age discrimination and retaliation referred to in Paragraph Eighteen of this Decree.

17. The Commission, at its discretion, may designate Commission representatives to attend and participate in the seminar-training sessions, and the representative shall have the right to attend and fully participate in the sessions.

18. Within sixty (60) days of the entry of this decree, Alpine shall review and revise, if necessary, its written policies concerning age discrimination and retaliation to ensure conformance with the law. This written policy must be in both Spanish and English and shall include, at a minimum:

A. A strong and clear commitment to a workplace free of age discrimination and retaliation;

B. Clear and complete definitions of age discrimination and retaliation, with examples;

C. A clear procedure by which employees can report age discrimination or retaliation. The policies shall identify a specific individual in Alpine's Human Resources Department to whom employees can report alleged age discrimination or retaliation and shall provide that individual's contact information. Employees will be encouraged to promptly report any allegations of discrimination or retaliation on the basis of age.

D. A description of the consequences, up to and including termination, that will be imposed upon any employees who are reasonably found to have violated the policies;

E. An assurance of confidentiality, to the maximum extent possible, for persons who report age discrimination or retaliation;

F. An assurance of non-retaliation for witnesses of age discrimination and persons who believe they have been discriminated against on the basis of their age;

G. That age discrimination by all persons, including management officials and supervisors, is prohibited and will not be tolerated;

H. Assurances that Alpine will investigate age discrimination and retaliation allegations promptly, fairly, reasonably, and effectively and that appropriate corrective action will be taken by Alpine to make victims whole and to eradicate any age discrimination and retaliation.

19. Within ninety (90) days of the entry of the Decree, Alpine shall post its policies regarding age discrimination and retaliation on-line and transmit a notice of the

existence and location of these policies to each current employee. These policies shall be distributed to all new employees when hired and notice of the existence and location of these policies shall be reissued to each employee once a year for the term of this Decree.   These policies shall remain posted on-line where they can be readily accessed by the employees.

20. Alpine shall promptly and appropriately investigate all complaints of age discrimination and/or retaliation. The investigation must include a finding of whether age discrimination and/or retaliation occurred and concurrent notes of the investigation. Alpine shall take immediate appropriate corrective action to eradicate any age discrimination and/or retaliation found to exist.

21. Alpine shall not retain documents related to the investigation in any of the victims' personnel files, except to the extent required by record retention laws applicable to Alpine. All disciplinary actions taken against employees for violation of Alpine's anti-age-discrimination and/or anti-retaliation policies will be retained in a separate investigative or disciplinary file, in a accordance with the record retention policies applicable to Alpine. In those cases in which no conclusion could be reached on the allegations, the investigation documents shall remain in the alleged discriminating employee's investigative file or disciplinary file, in accordance with the record retention policies applicable to Alpine.

## REPORTING BY DEFENDANT AND ACCESS BY EEOC

22. Alpine shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central Avenue, Suit 690, Phoenix, Arizona  85012, beginning six (6) months from the date of the entry of this Decree, and thereafter every six (6) months for the duration of the Decree, the following information:

   A. Any changes, modifications, revocations, or revisions to its policies and

-9-

procedures that concern or affect the subject of age discrimination and/or retaliation;

B. The name, address, position, and telephone number of any individual who has brought allegations of age discrimination and/or retaliation against Alpine personnel, formal or informal, including but not limited to, management officials, agents, and/or employees, during the six (6) months preceding the report. The nature of the complaint, investigatory efforts made by Alpine, and the corrective action taken, if any, shall be specified;

C. The registry of persons attending the seminar required in Paragraph Sixteen-C of this Decree and a list of personnel employed by Alpine on the day of the seminar-training session;

D. Confirmation that (i) the Notice required in Paragraph Fifteen of this Decree was posted in both English and Spanish and the locations where it was posted, (ii) the policies required in Paragraph Eighteen of this Decree were posted and distributed to each current and new employee in both English and Spanish, and (iii) the expungement from the class members' personnel files required in Paragraph Ten of this Decree took place, the date of the expungement, and the specific documents expunged;

E. A copy of the policy required in Paragraph Eighteen of this Decree, if revisions were made;

F. A copy of each apology letter mailed pursuant to Paragraph Eleven.

G. A copy of the employment reference prepared pursuant to Paragraph Twelve.

23. The Commission, upon reasonable notice, shall have the right to enter and inspect Alpine premises to ensure compliance with this Consent Decree and the ADEA's prohibition of age discrimination and retaliation.

-10-

## COSTS AND DURATION

24. Each party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Decree.

25. The duration of this Decree shall be two (2) years from its entry.  This Court shall retain jurisdiction over this action for the duration of the decree, during which the Commission may petition this Court for compliance with this Decree.  Should the Court determine that Defendant has not complied with this Decree, appropriate relief may be ordered, the parties to bear their own attorney's fees incurred.  This Decree shall expire by its own terms at the end of twenty-four (24) months from the date of entry, without further action by the parties.

26. The parties agree to entry of this Consent Decree and judgment subject to final approval by the Court.

RESPECTFULLY SUBMITTED this 22nd day of January, 2009.

Mary Jo O'Neill
Regional Attorney

Sally C. Shanley
Supervisory Trial Attorney

s/Valerie L. Meyer
Valerie Meyer
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona  85012
Attorneys for Plaintiff

s/ Akiko Kawamura
Akiko Kawamura

-11-

Assistant Utah Attorney General
(Signed by Filing Attorney with
permission of Defendant's Attorney)
s/ Valerie L. Meyer

Mark L. Shurtleff
Utah Attorney General

160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah  84114-0856
Telephone:  (801) 366-0100
Attorneys for Defendant

Approved and ordered this 26th day of January, 2009.

BRUCE S. JENKINS
U.S. SENIOR DISTRICT JUDGE

-12-

# EXHIBIT A

[Alpine Letterhead]

Dear Ms. [Class Member]:

As you are aware, a lawsuit was filed by the Equal Employment Opportunity Commission against Alpine School District, alleging age discrimination against a class of individuals at least forty years of age.

Please accept our sincere apologies, on behalf of Alpine School District, for any discriminatory conduct you experienced during your employment with us. Please accept our commitment that the District will take whatever steps are necessary to ensure that current and future District employees work in an environment free of discrimination, retaliation and harassment.

Sincerely,

Vernon Henshaw
Superintendent
Alpine School District

-14-

# EXHIBIT B

# NOTICE TO ALL EMPLOYEES OF
# ALPINE SCHOOL DISTRICT

This Notice is posted pursuant to a Consent Decree entered into between Alpine School District and the Equal Employment Opportunity Commission (EEOC).

It is unlawful under federal law, the Age Discrimination in Employment Act (ADEA) and state law to discriminate against an employee on the basis of age. It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC or the Utah Antidiscrimination and Labor Division (UALD).

Alpine School District shall not discriminate against any employee on the basis of age, including harassment, and shall not retaliate against any employee for complaining about age discrimination.

If you believe you have been discriminated against, you have the right to seek assistance from:

(1) **EEOC**, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012
Telephone: (602) 640-5000
TTY: (602) 640-5072
Website (national): www.eeoc.gov; or

(2) **Utah Antidiscrimination and Labor Division (UALD)**
160 East 300 South, 3rd Floor
Salt Lake City, UT 84111
Telephone: (801) 530-6801 or 1-800-222-1238
TDD: (801) 530-7685

You have the right to file a charge with the EEOC or UALD if you believe you are being discriminated against or retaliated against.

No Retaliation Clause. It is against the law for any action to be taken against you by any supervisory or management official of Alpine School District for: (1) opposing age discrimination or other discriminatory practices made unlawful by federal or state law; (2) filing a charge or assisting or participating in the filing of a charge of discrimination; or (3) assisting or participating in an investigation or proceeding brought under the ADEA. Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or the UALD at the addresses or telephone numbers listed above.

-16-